**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SIDNEY NELSON, JR.,
           Appellant,

      v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
SF-0752-13-0512-I-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sidney Nelson, Jr.</u>, Seattle, Washington, pro se.

<u>Michael R. Tita</u>, Esquire, Seattle, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a preference eligible veteran, was employed as a Mail Handler with the agency from 1984, he stopped coming to work on June 19, 1999, and he retired on July 19, 2000.[2] The appellant applied for disability retirement based on a diagnosis of chronic myofascial strain and chronic degenerative disease. The Office of Personnel Management (OPM) granted his disability retirement application on August 2, 2000. Initial Appeal File (IAF), Tab 10, Subtabs 4f, 4i. On June 3, 2013, the appellant filed an appeal alleging that his retirement on July 19, 2000, was involuntary. IAF, Tab 1.

¶3        On review, the appellant does not address the administrative judge's findings that he failed to make a nonfrivolous allegation of jurisdiction. Nor does he allege any errors by the administrative judge. Rather, the appellant appears to

---

[2] It appears that, unbeknownst to the Postal Service and OPM, the appellant was also working at the Internal Revenue Service (IRS) during this period of time. IAF, Tab 10 at 20-23, 31-32. The appellant resigned from his IRS position on December 4, 2001. IAF, Tab 10 at 22. We note that the appellant's receipt of a salary from IRS at the same time he was receiving disability retirement benefits helped contribute to the appellant being overpaid by OPM. *See Nelson v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0347-I-1, Initial Decision (Aug. 15, 2014).

be arguing that OPM is responsible for the problems with his retirement. Petition for Review (PFR) File, Tab 1. The appellant asserts that this is "not a discrimination case but a case to correct the retirement benefit from the time on the Post Office and my time on the IRS." *Id.* The appellant also asserts that OPM owes him money from his retirement. *Id.*

¶4    Because the appellant has raised no arguments challenging the administrative judge's findings in the initial decision, the appellant has shown no error by the administrative judge in dismissing this appeal for lack of jurisdiction. Accordingly, the appellant's petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

¶5    The applicable law and the record evidence support the administrative judge's finding that the Board does not have jurisdiction over the appellant's involuntary resignation claim. Initial Decision (ID) at 3-10. Specifically, an employee's retirement is presumed to be a voluntary action and, as such, is not within the Board's jurisdiction. *Thomas v. Department of Housing & Urban Development*, 63 M.S.P.R. 649, 656 (1994); ID at 1-2. An involuntary retirement, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 2328 (Fed. Cir. 2006) (en banc). Generally, an appellant who claims that a retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that the retirement was the result of misinformation or

deception by the agency, or the unjustified threat of an adverse action. *Sansoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). In addition, intolerable working conditions may render an action involuntary when, under all the circumstances, the working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to absent himself from the workplace. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000). Thus, the appellant had to show that a reasonable person would have felt that there was a causal connection between all of the circumstances, including those incidents that were remote in time, and his retirement. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 26 (2000).

¶6        Furthermore, in some circumstances, we also have applied the Board's regular principles for determining jurisdiction over alleged involuntary retirements to assess the voluntariness of a disability retirement. *Vaughn v. Department of Agriculture*, 116 M.S.P.R. 493, ¶¶ 13-14 (2011); *see also Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995) (to establish involuntariness on the basis of coercion, an appellant must show that the agency effectively imposed the terms of the retirement, that the appellant had no realistic alternative but to retire, and that the appellant's retirement was the result of improper acts by the agency). Specifically, in a case such as this one, an appellant may make a nonfrivolous allegation of Board jurisdiction when he has alleged that the agency created a discriminatory, hostile work environment, which not only led to intolerable working conditions but which also caused or exacerbated the medical conditions underlying his disability retirement. *Vaughn*, 116 M.S.P.R. 493, ¶ 14.

¶7        Here, the appellant argued below that he sought light duty or reassignment to another position. However, as the administrative judge found, the appellant's allegations were conclusory and unsupported by any evidence or argument. Furthermore, the only medical records indicate that the appellant was advised to take indefinite medical leave and there is no evidence that he was released to

work with or without accommodations.  IAF, Tab 10 at 29-30, 33.  Similarly, the appellant provided no explanation as to why he would feel his working conditions were intolerable since he had not been at work for over a year when he actually retired.  Thus, the administrative judge correctly found that the appellant's arguments did not constitute nonfrivolous allegations of jurisdiction under applicable Board precedent.  Therefore, we discern no reason to disturb these explained findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.