**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENJAMIN CUNNINGHAM,<br>Appellant, | DOCKET NUMBER<br>NY-3443-17-0015-I-1 |
| v. | |
| OFFICE OF SPECIAL COUNSEL,<br>Agency. | DATE: November 2, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin Cunningham</u>, Bronx, New York, pro se.

<u>Amy Beckett</u>, Esquire, and <u>Kenneth Hendrickson</u>, Washington, D.C., for
the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which
dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such
as this one only in the following circumstances: the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an appeal alleging that he was a "Federal crime victim" and, among other things, that the Office of Special Counsel (OSC) had unlawfully dismissed his fraud, waste, abuse, and mismanagement complaint that he filed against the U.S. Department of Justice, U.S. Marshals Service (USMS), simply because he is "not a Federal employee." Initial Appeal File (IAF), Tab 1 at 2-3. Because it appeared that the Board may not have jurisdiction over the appeal, the administrative judge issued two separate show cause orders that explained the jurisdictional issues in this appeal and provided the appellant with an opportunity to provide evidence and argument to establish that: (1) he is an employee under 5 U.S.C. § 7511; and (2) an adverse action as defined by 5 U.S.C. § 7512 had occurred. IAF, Tabs 3, 9. Without holding a hearing, the administrative judge issued an initial decision finding that, although the appellant responded to her

---

[2] The appellant also filed a motion for leave to file additional pleadings. Petition for Review File, Tab 7. He has failed to sufficiently describe the nature of, and the need for, the additional pleadings, as required by 5 C.F.R. § 1201.114(a)(5). Further, the appellant has failed to explain how these additional pleadings would warrant a different outcome than that of the initial decision; that is, the Board lacks jurisdiction over his appeal. Accordingly, the appellant's motion is denied.

jurisdictional orders by referring to newspapers and various court hearings, he did not dispute that he was not a current or prior Federal employee or allege that he was an applicant for employment. IAF, Tab 12, Initial Decision (ID) at 4. The administrative judge also found that the appellant did not dispute that he was not appealing an adverse action as defined by 5 U.S.C. § 7512. *Id.* Finally, concerning the appellant's apparent claim that the Board has jurisdiction over his appeal because he is a non-Federal employee whistleblower, the administrative judge found that the appellant is not an "employee" entitled to protection under the Whistleblower Protection Enhancement Act or the Whistleblower Protection Act. ID at 5-6. Accordingly, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over his appeal. ID at 6.

¶3        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction over his appeal.

¶4        On review, the appellant has resubmitted documents he filed below and asserts that the administrative judge's decision is "**ILLEGAL**" and "**UNCONSTITUTIONAL**" because it is "protecting the USMS Agency's **FRAUDULENT** federal crime behavior which was unlawfully **FUNDED** by the United States Government's Tax-Dollars." PFR File, Tab 1 at 9 (emphasis and grammar as in the original); IAF, Tabs 1, 4-6, 10-11. He also challenges OSC's dismissing his complaint on the basis that he is not a Federal employee. PFR File, Tab 1 at 10.

¶5        Although the appellant appears to reassert the claims he raised below, i.e., that he was mistreated by the USMS and that OSC improperly dismissed his complaint against the agency, PFR File, Tab 1; IAF, Tabs 1, 4-6, 10, 11, he does not challenge the administrative judge's jurisdictional findings nor provide

evidence or argument showing that the Board has jurisdiction over this appeal. Therefore, because the appellant has raised no arguments challenging the administrative judge's jurisdictional findings, he has shown no error by the administrative judge in dismissing his appeal for lack of Board jurisdiction.  *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

¶6        Furthermore, it is undisputed that the appellant is not a current or former Federal employee, and he did not allege that he was an applicant for a Federal position.  Therefore, we discern no reason to disturb the administrative judge's well-reasoned findings that the Board lacks jurisdiction over this matter.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see generally Willis v. Department of Agriculture*, 141 F.3d 1139, 1144 (Fed. Cir. 1998) (finding that the Whistleblower Protection Act "is intended to protect *government employees* who risk their own personal job security for the advancement of the pubic good by disclosing abuses by government personnel") (emphasis added); *Aviles v. Merit Systems Protection Board*, 799 F.3d 457 (5th Cir. 2015) (upholding the Board's decision that a former Internal Revenue Service employee's report to his superiors that ExxonMobil Corporation has

allegedly committed tax fraud did not constitute a protected disclosure because it concerned an allegation against a private entity).[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] The appellant filed three additional appeals, all of which were dismissed for lack of jurisdiction.  *Cunningham v. Office of Special Counsel*, MSPB Docket No. NY-3443-18-0055-I-1, Initial Decision (Feb. 27, 2018); *Cunningham v. Administrative Conference of the United States*, MSPB Docket No. NY-3443-18-0200-I-1, Initial Decision (Sept. 24, 2018); *Cunningham v. Office of Special Counsel*, MSPB Docket No. NY-3443-18-0201-I-1, Initial Decision (Sept. 21, 2018).  The appellant's petitions for review of those three initial decisions will be resolved separately.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.