**Claude H. WEAVER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 80–7316.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1982.

Decided March 1, 1982.

Roy D. King, King, King & King, San Leandro, Cal., for petitioner.

Kimberly A. Reiley, Asst. U.S. Atty., San Francisco, Cal., for respondent.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

PER CURIAM:

Weaver petitions for review of a decision of the Merit Systems Protection Board ("MSPB") upholding his removal from a position as boiler plant operator at the Navy Public Works Center, Oakland, California. We note jurisdiction pursuant to 5 U.S.C. § 7703 and deny the petition for review.

Weaver was involved in an altercation with his supervisor in which the supervisor sustained a lacerated lip and two fractured teeth. Weaver insisted that he had merely raised his arms to fend off his supervisor and his supervisor's mouth came in contact with Weaver's forearm. The supervisor

stated that Weaver punched him in the mouth. The supervisor also stated that Weaver had sworn at and assaulted him two years earlier. The department director believed the supervisor's story and issued a Notice of Proposed Removal.

■ The MSPB did not err in admitting evidence of acts which occurred more than one year prior to the Notice of Proposed Removal. Decisions adversely affecting a government employee which are based upon poor job performance may not be based on incidents occurring more than one year prior to the Notice of Proposed Removal. 5 U.S.C. § 4303(c)(2)(A). Weaver admits that his removal was not for poor job performance, but was to promote the efficiency of the service. 5 U.S.C. §§ 7512, 7513. The requirements of section 4303 do not apply to adverse actions undertaken to promote the efficiency of the service. *Premachandra v. Mitts*, 509 F.Supp. 424, 428 (E.D.Mo.1981); *King v. Hampton*, 412 F.Supp. 827, 829 (E.D.Va.1976), *aff'd mem.*, 562 F.2d 46 (4th Cir. 1977); *Schaefer v. United States*, 633 F.2d 945, 948 (Ct.Cl.1980). There is no time limit on the acts which may be considered in actions taken to promote the efficiency of the service. Therefore, neither Weaver's superiors, nor the MSPB erred in considering evidence of incidents occurring more than one year prior to the Notice of Proposed Removal. Similarly, the MSPB did not err in refusing to call witnesses to testify as to whether such evidence was relied upon.

■ The Notice of Proposed Removal adequately stated the reason for Weaver's removal, as required by 5 U.S.C. § 7513(b)(1). The reason was an altercation with Weaver's supervisor. The reasons that the supervisor's version of the altercation was believed rather than Weaver's version did not have to be specified.

Weaver did not argue before the MSPB that he was denied adequate representation, as he might have pursuant to 5 C.F.R. § 1201.115 (1981). We therefore do not consider this contention.

Accordingly, the petition for review is DENIED.