# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARON L. WEEKLEY,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
PH-0752-14-0878-I-1

DATE: April 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Sharon L. Weekley, Huntington, West Virginia, pro se.

Bradley J. Stark, Huntington, West Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed an appeal challenging the agency's decision to remove her from her position of Industrial Engineer, effective July 19, 2014. Initial Appeal File (IAF), Tab 1. The agency proposed the appellant's removal in a letter dated June 9, 2014, based on charges of abuse of leave, discourtesy, discourtesy toward supervisor, insubordination, and substandard work product pertaining to quality and timeliness. IAF, Tab 8 at 12-24. On July 10, 2014, the agency personally delivered the decision letter, dated July 9, 2014, which upheld the charges and imposed the penalty of removal. *See id.* at 25-37. The appellant filed her appeal on August 29, 2014. IAF, Tab 1.

¶3     Because the appeal appeared to be untimely filed, the administrative judge ordered the appellant to provide evidence or argument showing that the appeal was timely filed or that there was good cause for the filing delay. IAF, Tab 5. In response, the appellant submitted evidence showing that she was hospitalized from June 13 through June 20, 2014. IAF, Tabs 6, 7. The administrative judge found that, while this period of time occurred after the appellant was issued the June 9, 2014 notice of proposed removal, her hospitalization occurred and ended 17 days before she was issued the July 9, 2014 decision letter, which advised her where to file a Board appeal as well as the correct filing deadline. IAF, Tab 8 at

29-30. The administrative judge found further that the appellant's submission offered no explanation or evidence of incapacity for the period from July 10, 2014, through the August 11, 2014 filing deadline. IAF, Tab 10, Initial Decision (ID) at 3-4. Thus, the administrative judge dismissed the appeal as untimely filed without holding the hearing requested by the appellant. ID at 4.

¶4    On review, the appellant filed a pleading in which she merely asserted that she was wrongfully terminated. Petition for Review (PFR) File, Tab 1. Because it was unclear whether the appellant was filing a petition for review of the administrative judge's initial decision, the Clerk of the Board provided the appellant the opportunity to supplement her petition for review with documents or arguments. PFR File, Tab 2. The appellant filed a response in which she indicated that she is filing a petition for review of the initial decision, but she offered no further argument regarding the timeliness of her appeal. PFR File, Tab 3.

¶5    Because the appellant has raised no arguments challenging the administrative judge's findings in the initial decision, the appellant has shown no error by the administrative judge in dismissing her appeal as untimely filed. Accordingly, the appellant's petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

¶6    Furthermore, the applicable law and the record evidence support the administrative judge's findings that the appeal was untimely filed without a

showing of good cause for the filing delay. ID at 3-4. Therefore, we discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims:  Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:　　　　　　　　 _____
　　　　　　　　　　　　　　　　 William D. Spencer
　　　　　　　　　　　　　　　　 Clerk of the Board

Washington, D.C.