# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD BAJUSCAK,
               Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
DA-1221-15-0552-B-1

DATE: November 8, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald Bajuscak, Mesa, Arizona, pro se.

Chau Phan, Esquire, Salt Lake City, Utah, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to VACATE the administrative judge's findings concerning whether the agency met its clear and convincing burden, we AFFIRM the remand initial decision.

## BACKGROUND

¶2  The relevant background information, as recited in the remand initial decision, is generally undisputed.  On June 5, 2011, the agency appointed the appellant to a dentist position in the excepted service under 38 U.S.C. § 7401(1). *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0552-B-1, Remand File (RF), Tab 29, Remand Initial Decision (RID) at 2; *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0552-W-1, Initial Appeal File (IAF), Tab 10 at 87-88.  Immediately before his June 5, 2011 appointment to the excepted service at the Department of Veterans Affairs (VA), the appellant worked as a dentist under a career-conditional appointment for the U.S. Navy, beginning on August 30, 2010.  RID at 2, 28-29. The Standard Form 50 (SF-50) documenting his appointment to the dentist position in the excepted service at the VA on June 5, 2011, stated in the remarks section "initial probationary period completed."  RID at 2; IAF, Tab 10 at 87.

The agency issued a corrected SF-50 on October 17, 2011, changing the remarks section to clarify that the appellant's excepted-service appointment was subject to the completion of a 2-year probationary period beginning on June 5, 2011. RID at 2; IAF, Tab 10 at 86. The agency described the change as a required correction because dentists and doctors appointed to the excepted service under Title 38 of the United States Code are required to serve a 2-year probationary period, and the appellant's previous appointment was not to a position in the excepted service. RID at 21, 29-30; IAF, Tab 9 at 11; *see* 38 U.S.C. § 7403(a)(2)(A)-(B), (b)(1).

¶3        On October 27, 2011, the appellant's supervisor rated him as unsatisfactory for the period of June 6 through September 30, 2011, commenting that he "does not have potential for advancement to higher clinical and/or administrative positions." RID at 2-3. On November 9, 2011, the Acting Medical Center Director detailed the appellant to "voluntary service" and assigned him to nonpatient care duties, which included pushing wheelchairs and hospital beds. RID at 3. On November 17, 2011, the Acting Chief of Staff recommended a summary suspension of the appellant's clinical privileges, pending the results of a Summary Review Board. *Id.* Her recommendation was based on findings from a review of 31 medical charts and adopted on that same day by a 3-member Professional Standards Board (PSB). *Id.*; RF, Tab 22 at 181-82. On November 21, 2011, the Acting Medical Center Director issued a letter removing the appellant's clinical privileges pending a comprehensive review of allegations that aspects of his clinical practice did "not meet the accepted standards of practice and potentially constitute[d] an imminent threat to patient welfare." RID at 3; RF, Tab 22 at 184. Within a week of receiving the letter removing his clinical privileges, the appellant initiated contact with the agency's equal employment opportunity counselor on November 29, 2011, alleging that his supervisor sexually harassed him and retaliated against him when he rejected her advances and began seeking employment elsewhere. RID at 3-4.

¶4    On January 6, 2012, the PSB reviewed the appellant's conduct and performance and concluded that he failed to meet the standards of care expected of agency dentists. RID at 5; IAF, Tab 9 at 57-58. The PSB recommended terminating the appellant during his probationary period based on its summary review of 31 patient records submitted by the appellant's supervisor, the Chief of Dental Service; progress notes and x-rays; and the written and oral responses of the appellant. RID at 5; IAF, Tab 9 at 57. The Acting Chief of Staff agreed with the PSB recommendation to terminate the appellant, and the Acting Medical Center Director approved the recommendation and issued a letter terminating the appellant effective January 20, 2012, during his 2-year probationary period. RID at 5; IAF, Tab 9 at 15, 19.

¶5    After his termination, the appellant filed a complaint with the Office of Special Counsel (OSC) (OSC File No. MA-12-2402), alleging that he was subjected to the following retaliatory personnel actions: (1) his supervisor had changed his SF-50 from permanent to probationary employment; (2) he received an unsatisfactory midterm evaluation; (3) he was detailed to voluntary service; (4) his dentist privileges were suspended; (5) his transfer to another facility was rescinded; and (6) he was ultimately removed from his position. RID at 6; IAF, Tab 18 at 44. On July 23, 2012, OSC informed the appellant that it was closing its investigation into whether a violation of 5 U.S.C. § 2302(b)(8) occurred and that he could seek corrective action from the Board. RID at 6; IAF, Tab 18 at 45-46.

¶6    In 2015, the appellant filed another OSC complaint (OSC File No. MA-14-4527), in which he alleged that the agency improperly required him to serve a new probationary period and terminated him in retaliation for whistleblowing.[2] RID at 6-7, 11; IAF, Tab 18 at 47-48. On April 30, 2015, OSC informed the appellant that it was closing its inquiry into his complaint. RID at 7, 11; IAF,

---

[2] The record does not contain a copy of the OSC complaints filed by the appellant in OSC File No. MA-14-4527 or in OSC File No. MA-12-2402. RID at 11 n.4.

Tab 18 at 47-48.  Having exhausted his administrative remedy before OSC, the appellant filed the instant IRA appeal with the Board, and he requested a hearing.  RID at 7, 11-12; IAF, Tab 1.  The administrative judge dismissed the appeal as untimely filed, but, on review, the Board found a sufficient basis to waive the filing deadline and remanded the case for further adjudication.  *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0552-W-1, Remand Order (Apr. 29, 2016).

¶7          On remand, the administrative judge found that the appellant met his burden of establishing that the Board has jurisdiction over his IRA appeal because he exhausted his administrative remedies before OSC and made nonfrivolous allegations that he made at least one protected disclosure that was a contributing factor in the agency's decision to take a personnel action.[3]  RID at 12-14.  After holding a hearing, the administrative judge issued a remand initial decision denying the appellant's request for corrective action.  RID at 41-42; RF, Tab 28, Hearing Compact Disc.  The administrative judge found that the appellant made protected disclosures to a human resources (HR) officer in September 2011 when he disclosed that his supervisor manipulated and threatened her subordinates and that she used an illegal leave tracker form in violation of the Federal Service Labor-Management Relations Act.  RID at 17-21.[4]  The administrative judge further found that the appellant did not meet his burden of proving that any of his protected disclosures was a contributing factor in any of the six alleged personnel actions.  RID at 13-14, 27-36.  The administrative judge also found that,

---

[3] The administrative judge also found that the Board lacks jurisdiction over an appeal of his termination under 5 U.S.C. chapter 75 because appointees under 38 U.S.C. § 7401(1) are specifically excluded from the definition of "employee" under 5 U.S.C. § 7511.  RID at 8.  The administrative judge found, moreover, that the other personnel actions that the appellant alleged on appeal were not adverse actions directly appealable to the Board, and his allegations could only be reviewed by the Board in an IRA appeal.  *Id*.  The parties do not dispute these findings on review, and we affirm them.

[4] The administrative judge found that the appellant's other alleged disclosures were not protected whistleblowing as described in 5 U.S.C. § 2302(b)(8).  RID at 14-27.

assuming arguendo that the appellant had demonstrated that his disclosures were contributing factors in the actions taken against him, the agency proved by clear and convincing evidence that it would have taken the personnel actions absent the protected disclosures. RID at 36-41.

¶8 The appellant has filed a petition for review. *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0552-B-1, Remand Petition for Review (RPFR) File, Tab 1. The agency has responded in opposition to his petition, and the appellant has replied. RPFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9 The appellant submits the following one-paragraph argument in support of his petition:

> Numerous documents were submitted including specific actions against me with timelines from information recorded on the very day it occurred. During my hearing many specific occurences [sic] with timelines submitted on documents were not considered in my opinion. The entire timing of all the falsifications of my hiring documents, being placed in charge and then suddenly being removed clinically's [sic] timing is proof within itself of whistleblowing retaliation by the Veterans Hospital. Nationally, this attack on whistleblowers has been exposed, as I went through, and again the system "being broken" is trying to deny me my rights. I want a non-biased review of all my submitted documents be cross examined paying particular notice to dates of actions against me and the timing of final actions taken. I know numerous issues were not expressed by me during the hearing and was and am shocked that such aggressive actions of retaliation are considered okay!!

RPFR File, Tab 1 at 4. We construe the appellant's arguments as challenging the administrative judge's finding that his protected disclosures were not a contributing factor in the following personnel actions: altering his SF-50 to require the completion of a 2-year probationary period and his termination.[5] In

---

[5] The appellant does not appear to challenge the administrative judge's other findings concerning the alleged protected disclosures and personnel actions. We affirm those findings for the reasons stated in the initial decision. RID at 14-27.

his reply brief, the appellant further asserts that he has additional witnesses to testify against the agency. RPFR File, Tab 5 at 3. For the following reasons, we find that the administrative judge properly found that the appellant failed to prove by preponderant evidence that his disclosures were a contributing factor in any of the personnel actions.

¶10      When, as here, an appellant exhausts his administrative remedy with OSC and establishes the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblower retaliation by, as relevant here, proving by preponderant evidence that he made a protected disclosure as described in 5 U.S.C. § 2302(b)(8) that was a contributing factor in a personnel action taken against him.[6]  *See Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  One way of proving that a disclosure was a contributing factor in a personnel action is the knowledge/timing test.  *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 23 (2014).  Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Id.*  If the appellant makes a prima facie showing that his protected disclosure was a contributing factor in the agency's personnel action, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  *Lu*, 122 M.S.P.R. 335, ¶ 7.

---

[6] The Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, section 101(b)(1)(A) expanded the grounds for covered individuals to bring an IRA appeal with the Board to include reprisal for classes of protected activity described at 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).  All of the alleged retaliatory acts at issue in this appeal occurred prior to the December 27, 2012 effective date of the WPEA, and thus this expanded grant of jurisdiction does not apply here.  RID at 9; *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶¶ 7-8 (2015).

¶11　　The remand initial decision reflects—concerning the agency officials who took the alleged actions—that the administrative judge considered the elapsed time between their having had any actual or constructive notice of the appellant's protected disclosures and their taking the personnel actions, but she found no evidence that the officials involved in correcting the appellant's SF-50 and terminating him had actual or constructive knowledge of his September 2011 protected disclosures.　RID at 27-30, 34-36.　Thus, she found no contributing factor under the knowledge/timing test.

¶12　　The administrative judge also recognized that, if the appellant failed to satisfy the knowledge/timing test, the Board should consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant.　RID at 27-28; *see Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶¶ 23-24 (2011).　The administrative judge found that the officials involved in taking the personnel actions against the appellant had strong, nonretaliatory motives for the personnel actions taken, including changing his SF-50 to require his completing a 2-year probationary period and terminating him during his probationary period.　RID at 21, 28-30, 34-36.　Moreover, it is undisputed that the appellant's whistleblowing was not personally directed at the HR specialist who signed the corrected SF-50 requiring him to complete a 2-year probationary period, the PSB members that recommended his termination, or the Acting Medical Center Director who terminated him.　RID at 21.　Accordingly, the administrative judge found that the appellant failed to establish a prima facie case of whistleblower retaliation by proving that his protected disclosure was a contributing factor in a personnel action taken against him.　RID at 27-36.　The appellant's general arguments on review do not persuade us that there were any errors in the administrative judge's contributing-factor analysis.　*See Tines v. Department of the Air Force*,

56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

¶13     To the extent the appellant argues generally that certain documents related to his whistleblowing disclosures were not considered or mentioned, RPFR File, Tab 1 at 4, it is well established that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶14     Although the appellant asks the Board to review all of the documents that he submitted on appeal to take notice of "the dates of actions against [him] and the timing of final actions taken," we find that his petition for review is not sufficiently specific to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *See Tines*, 56 M.S.P.R. at 92; *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (determining that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curium).

¶15     For the foregoing reasons, we will not disturb the administrative judge's explained finding that the appellant failed to prove that his protected disclosures were a contributing factor in the agency's decision to take any of the contested personnel actions. RID at 27-36. Because we agree with the administrative judge's finding that the appellant failed to prove by preponderant evidence that his protected disclosures were a contributing factor in the actions taken, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the actions at issue in the absence of the disclosure. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19

n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its clear and convincing burden.

¶16     We have considered the appellant's assertion on review that he had numerous witnesses who could have testified at the hearing on his appeal but he did not want to overwhelm the proceeding. RPFR File, Tab 5 at 3. We also have considered his contention that unnamed individuals, who have been "fired or forced to resign from this same VA medical center," could provide new testimony against the agency. *Id.* However, the appellant offers no specific evidence or argument to explain what the unidentified potential witnesses might testify about that would have changed the outcome of his appeal. Moreover, the appellant waited until after the record closed below and the initial decision was issued to come forward with these unnamed witnesses, and he cannot now complain that these witnesses were not allowed to testify.

¶17     The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115. In this case, the appellant has failed to establish that he could not reasonably have known that these alleged witnesses had information relevant to his appeal prior to the close of the record below or that he could not find the same or similar information elsewhere. *See Pangarova v. Department of the Army*, 28 M.S.P.R. 652, 656 (1985) (finding that an affidavit from a witness who had previously not come forward, about a subject that the appellant knew was at issue, was not "new" evidence when he failed to show that he could not find the same or similar information elsewhere); *Williams v. General Services Administration*, 22 M.S.P.R. 476, 479 (1984) (finding that affidavits from witnesses known to the agency but previously unwilling to testify were not "new" evidence), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985). We therefore find that the appellant's assertions on review do not provide a sufficiently sound

reason for overturning the thorough, well-reasoned findings stated by the administrative judge in the remand initial decision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.