## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY L. FINCH,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DC-3443-17-0246-I-1

DATE: November 10, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory L. Finch</u>, Fort Walton Beach, Florida, pro se.

<u>Judith A. Fishel</u>, APO, AE, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant filed an appeal challenging the agency's denying his request for a curtailment of his assignment as an Installation Food Advisor at the U.S. Army base located at Camp Bondsteel, Kosovo.[2]  Initial Appeal File (IAF), Tab 1 at 6, 8-12.  Specifically, on June 1, August 25, and October 17, 2016, the appellant submitted written formal requests for curtailment of his assignment in Kosovo.  *Id.* at 8-10; IAF, Tab 11 at 4-9.  It is undisputed that the agency denied his requests on January 3, 2017.  IAF, Tab 1 at 4, Tab 12 at 5.  The appellant filed this appeal on January 11, 2017, asserting that the agency's denying his request violated two of the merit system principles.  IAF, Tab 1 at 6.  The appellant also checked a box on the appeal form indicating that he had received a negative suitability determination.  *Id*. at 3.

¶3    After issuing an order to show cause to the parties regarding jurisdiction and considering their responses, the administrative judge dismissed the appeal for

---

[2] On petition for review, the appellant has submitted documentation showing that his request to curtail his assignment was granted effective March 1, 2017.  Petition for Review File, Tab 4.

lack of jurisdiction, finding that denying a request for curtailment of the appellant's assignment at Camp Bondsteel is not an otherwise appealable action within the Board's jurisdiction under 5 U.S.C. § 7512(1)-(5). IAF, Tab 14, Initial Decision (ID) at 4. The administrative judge also found that the appellant's request for a tour curtailment is analogous to denying a reassignment opportunity and that, absent a reduction in grade or pay, a reassignment is not an adverse action within the Board's jurisdiction. ID at 5. In this connection, the administrative judge found that the appellant failed to establish that his pay was reduced. *Id.* She further concluded that, to the extent the appellant was alleging that his position classification was improper, such claim did not form the basis for jurisdiction over this matter. ID at 6. The administrative judge found that, while the appellant raised an allegation of a prohibited personnel practice, the Board does not have jurisdiction over an allegation of a prohibited personnel practice absent an otherwise appealable action within the Board's jurisdiction. ID at 5-6. Similarly, the administrative judge found that, because the merit system principles are only intended to provide guidance to agencies, they do not constitute an independent basis for Board review. ID at 6. Concluding, the administrative judge found no negative suitability determination at issue in this appeal. ID at 7-8.

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to establish that the Board has jurisdiction over the agency's action denying his request for a curtailment of his assigned duty.

¶5        On review, the appellant reasserts the bases for his request for curtailment, specifically, that he is being prevented from performing the work duties specified in his position description, including travel, which he was led to believe he would perform while in his Installation Food Advisor position at Camp Bondsteel. PFR

File, Tab 1 at 3. He further contends that he has been denied training and that, as a result of these issues, the agency should have granted his request for curtailment. *Id.* The appellant also asserts that, although he may not have a valid legal claim, morally he believes that he has not been treated fairly. PFR File, Tab 4 at 3.

¶6 While the appellant continues to challenge the agency's denying his request, he has failed to explain how the administrative judge erred or to provide any evidence in support of Board jurisdiction. PFR File, Tabs 1, 4; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

¶7 Nevertheless, we have considered the appellant's arguments on review concerning his assigned duties, training, travel, and additional pay and benefits. However, we discern no reason to disturb the well-reasoned findings of the administrative judge that the Board lacks jurisdiction over this matter. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.