**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

ANTHONY GOMEZ,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
NY-1221-17-0105-W-1

DATE: July 24, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Alan E. Wolin</u>, Esquire, Jericho, New York, for the appellant.

<u>Michael J. Berger</u>, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2   The appellant most recently held the position of Deputy Facility Telehealth Coordinator. Initial Appeal File (IAF), Tab 41 at 4, Tab 42 at 4. In or around June 2016, he filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had engaged in a number of improprieties in retaliation for protected whistleblowing activity. IAF, Tab 12 at 16-32. OSC closed the complaint in January 2017, and this IRA appeal followed. IAF, Tab 1, Tab 12 at 33-46. The administrative judge found that the appellant met his jurisdictional burden, then developed the record and held a hearing, but denied the appellant's request for corrective action. IAF, Tab 58, Initial Decision (ID). She found that the appellant failed to meet his burden of proving that he made protected disclosures or otherwise engaged in protected activity. ID at 6-11. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶3   Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if, after the appellant has exhausted his administrative remedies before OSC, he makes nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Id.* If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the

agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity. *Id.*

<u>The appellant failed to prove that he made a protected disclosure concerning the hiring of an Administrative Officer.</u>

¶4 The appellant alleged that he made a protected disclosure in a series of meetings by expressing concerns to two individuals, the Associate Chief of Staff of Ambulatory Care (ACSAC) and the Deputy Facility Telehealth Coordinator (DFTC), about their plan for filling a position. *E.g.*, IAF, Tab 12 at 5-8. Specifically, he reportedly disclosed that they were improperly trying to subvert veteran hiring preferences in order to place the DFTC in an Administrative Officer position. *Id.*

¶5 The administrative judge recognized that both of the alleged recipients denied having any knowledge of the disclosure, denied that the meetings ever occurred, and denied that they concocted the plan described by the appellant. ID at 7-8 (citing IAF, Tab 50, Hearing Compact Disc (HCD1) (testimony of the DFTC), Tab 51, Hearing Compact Disc (HCD2) (testimony of the ACSAC)). She also recognized that while the appellant presented contrary testimony, there was no documentation or other corroborating evidence for either the disclosure or the meetings he described. ID at 6-8.

¶6 Faced with the conflicting testimony, the administrative judge properly analyzed witness credibility. ID at 8-9; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (describing how an administrative judge must analyze witness credibility and providing a number of factors that may be relevant in doing so). Most notably, the administrative judge found that the DFTC and the ACSAC both testified in a straightforward, unequivocal, and consistent manner, while the appellant's testimony was vague, nonspecific, and speculative. ID at 8. Based on factors that included demeanor, the administrative

judge found the DFTC and the ACSAC credible, but found the appellant lacking credibility. ID at 8-9.

¶7 On review, the appellant reiterates his allegations about meetings with the ACSAC and the DFTC, their plan to subvert veteran hiring preferences, and his disclosure about the same. For the most part, his arguments on this matter mirror the ones he made below, without specifically addressing the administrative judge's findings. *Compare* PFR File, Tab 1 at 7-11, *with* IAF, Tab 12 at 5-8, Tab 56 at 10-13. Those that remain amount to disagreement with the administrative judge's credibility determinations. PFR File, Tab 1 at 25-29. For example, while the administrative judge found the appellant's testimony about this alleged disclosure vague and nonspecific, the appellant asserts that he and his disclosure "were sufficiently specific and detailed." *Compare* ID at 7, *with* PFR File, Tab 1 at 25. We are not persuaded. The appellant has not identified any substantive evidence in support of this alleged disclosure, nor has he presented any basis for overturning the administrative judge's well-reasoned credibility findings regarding the same. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (finding that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (recognizing that the Board must defer to an administrative judge's credibility findings if they are based on a witness' demeanor and may only overturn them for "sufficiently sound" reasons). The appellant has not presented, for example, documentary evidence showing that he made this disclosure and the contrary testimony of the DFTC and the ACSAC about the same was incorrect.

The appellant failed to prove that his grievance is activity protected and within the purview of this IRA appeal.

¶8 Aside from the disclosure described above, the appellant asserted that there was a time during which he was temporarily detailed to the Lead Facility

Telehealth Coordinator (FTC) position and, as a result, he filed a grievance regarding his pay during that temporary detail. *E.g*., IAF, Tab 12 at 8-9. That grievance alleged that the agency violated a particular union contract provision by failing to pay him at a higher rate during the detail assignment. IAF, Tab 11, Subtab 4 at 30-31. The grievance was ultimately denied by an arbitrator. *Id*. at 1-18.

¶9    While the appellant presented his grievance as additional protected activity, the administrative judge concluded that it fell outside the Board's purview in this IRA appeal. ID at 9-10. She correctly recognized that the WPEA extended the Board's jurisdiction over IRA appeals to claims of reprisal for filing a grievance only if that grievance sought to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). In other words, the administrative judge correctly determined that the Board cannot address allegations that the agency retaliated against the appellant for his grievance in this IRA appeal because that grievance did not seek to remedy whistleblower reprisal.

¶10    On review, the appellant reasserts that he filed the aforementioned grievance, and he summarily argues that both the grievance and his associated testimony were protected activity. PFR File, Tab 1 at 11-12, 27. However, he has not presented any basis for us to reach a conclusion different from the administrative judge. He has not shown that his grievance sought to remedy a violation of section 2302(b)(8), so he has not shown that it falls within the Board's jurisdiction over IRA appeals.

Remand is required for the administrative judge to address another alleged disclosure.

¶11    Below, the administrative judge issued an order explaining the Board's limited jurisdiction. IAF, Tab 3. That detailed order directed the appellant to file a statement, accompanied by evidence, listing the following: (1) his protected disclosures or activities; (2) the dates he made the disclosures or engaged in the

activities; (3) the individuals to whom he made any disclosures; (4) why his belief in the truth of any disclosures was reasonable; (5) the actions the agency took or failed to take, or threatened to take or fail to take, against him because of his disclosures or activities; (6) why he believes a disclosure or activity, or a perception of such a disclosure or activity, was a contributing factor to the actions; and (7) the date of his complaint to OSC and the date that it notified him it was terminating its investigation of his complaint, or if he had not received such notice, evidence that 120 days have passed since he filed his complaint with OSC. *Id*. at 7.

¶12     Rather than clearly listing the requested information, the appellant's representative responded with a narrative that is somewhat difficult to follow. IAF, Tab 12 at 4-13. Nevertheless, within both that narrative and the accompanying OSC correspondence, there is an allegation that the appellant had discussions with the ACSAC and the Deputy Chief of Ambulatory Services about his temporary detail to the Lead FTC position. *Id*. at 9-10, 30-31. According to the appellant, he "was very vocal in claiming that management was acting improperly by continuing the Lead FTC position as a Title 38 position and in refusing to convert it to a Title 5 position, at [his] great disadvantage." *Id*. at 9-10, 30. Concerning this matter, the appellant further alleged that he "certainly opined that management was acting in violation of regulation and policy and were abusing their authority and engaging in mismanagement." *Id*. at 10, 30.

¶13     It appears that neither the agency nor the administrative judge recognized this allegation as another potential disclosure. *See, e.g.*, IAF, Tabs 14-15, 57. The confusion is understandable, because the appellant seems to have simultaneously alleged that the agency's actions surrounding the Lead FTC position amounted to reprisal for the alleged disclosures and activities discussed above, and that it was the basis of an additional disclosure. Nevertheless, the appellant did continue to pursue the matter, as demonstrated by his reiterating the

same alleged disclosure in his prehearing submission and post-hearing summation. IAF, Tab 42 at 6-7, Tab 56 at 14-15. The appellant has raised the matter again on review. PFR File, Tab 1 at 12-13, 27-28.

¶14 An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Because the administrative judge did not address this additional alleged disclosure, we find it appropriate to remand the appeal for further adjudication.[2] *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 14 (2015) (remanding an IRA appeal for further adjudication when the initial decision failed to address each of the disclosures exhausted before OSC).

¶15 On remand, the administrative judge should permit the parties to submit additional argument and determine whether the submission of additional evidence (including additional hearing testimony) is necessary. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶¶ 9-10, 15 (2012) (instructing an administrative judge to determine whether the submission of additional evidence, such as hearing testimony, was necessary on remand after he failed to adjudicate all of the alleged personnel actions). In her remand initial decision, the administrative judge may incorporate her prior findings concerning the Administrative Officer disclosure and grievance activity. *See supra* ¶¶ 4-10. The remand initial decision must, however, also address the alleged Lead FTC disclosure. *See supra* ¶¶ 12-13.

---

[2] In light of our findings, it would be premature for us to consider the appellant's arguments concerning the contributing factor requirement or the agency's burden, if he were to present a prima facie case of reprisal. PFR File, Tab 1 at 13-20, 29.

**ORDER**

¶16     For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.[3]


FOR THE BOARD:                              /s/ for
                                 _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.