# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ALMA D. CHAVEZ,
       Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,
       Agency.

DOCKET NUMBER
SF-0752-17-0308-I-1

DATE: January 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alma D. Chavez</u>, Clovis, California, pro se.

<u>Coleen L. Welch</u>, Martinez, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal,[2] we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's previous Board appeal was not a contributing factor in her removal, and to VACATE the portion of the initial decision finding that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of her previous Board appeal, we AFFIRM the initial decision.

On review, the appellant submits various documents, including social media posts, emails, and photographs, apparently intended to impeach the credibility of a witness. Petition for Review (PFR) File, Tab 8 at 5-15, Tab 9 at 7-8. Evidence offered merely to impeach a witness's credibility is not generally considered new and material. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). Consequently, the newly submitted evidence does not warrant further review.

The appellant also contends that the administrative judge was biased against her. PFR File, Tab 8 at 2-3, Tab 9 at 6. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new

---

[2] To the extent the appellant's reply to the agency's response to her petition raises new allegations of error, we do not consider it. 5 C.F.R. § 1201.114(a)(4); *see Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015).

adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Here, the appellant has provided no evidence to support her claim of bias other than her general disagreement with the administrative judge's findings and credibility determinations. Mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

For the reasons discussed below, we modify our analysis of the appellant's claim that the agency removed her in retaliation for her previous Board appeal. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 13 (2013). Because that appeal included a claim of retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8), the appellant's claim falls within the scope of 5 U.S.C. § 2302(b)(9)(A)(i), and we consider it under the evidentiary framework of 5 U.S.C. § 1221(e). *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶¶ 39-40 (2016).

Under that framework, the appellant must first establish by preponderant evidence[3] that she engaged in protected activity that was a contributing factor in the personnel action at issue. 5 U.S.C. § 1221(e)(1); *Elder*, 124 M.S.P.R. 12, ¶ 39. If the appellant does so, the burden of persuasion shifts to the agency to prove by clear and convincing evidence[4] that it would have taken the same action in the absence of the appellant's protected activity. 5 U.S.C. § 1221(e)(2); *Elder*,

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

124 M.S.P.R. 12, ¶ 39. If the appellant does not establish her prima facie case, the Board will not consider whether the agency would have met its burden under the clear and convincing evidence test. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

Under 5 U.S.C. § 1221(e)(1), one way to establish contributing factor is to show that the official taking the personnel action knew of the disclosure or personnel activity and that the personnel action occurred within a period of time such that a reasonable person could conclude the disclosure or protected activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1). Here, the deciding official admitted that he had knowledge of the appellant's previous Board appeal. Initial Appeal File (IAF), Tab 22 at 45-46. However, more than 3 years transpired between the appellant's earlier Board appeal, which concluded in October 2013 and resulted in her December 2013 reinstatement, and her subsequent removal, which was proposed in December 2016 and effected in March of the following year. A delay of more than 2 years between a protected disclosure or activity and the contested personnel action is too remote to satisfy the knowledge component of the knowledge/timing test. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 21 (2013). Moreover, even if the removal were considered as part of a continuum of related personnel actions stretching back to the appellant's July 2016 suspension, *id.*, ¶ 22, the suspension and the privacy investigation that preceded it also did not occur until more than 2 years had passed since her protected activity. Thus, contrary to the initial decision, the appellant has not established the contributing factor element under the knowledge/timing test.

That said, we note that the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). If an administrative judge determines that

---

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of a trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e).

an appellant has failed to satisfy the knowledge/timing test, she should consider other evidence, such as (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action; (2) whether the whistleblowing was personally directed at the proposing or deciding officials; and (3) whether these individuals had a desire or motive to retaliate against the appellant. *Id.* Any weight given to the whistleblowing activity, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id.*

However, consideration of the *Dorney* factors also does not support a finding of contributing factor. The first factor does not weigh in the appellant's favor, given that the agency has supported its charges by a preponderance of the evidence. Regarding the second factor, the appellant's claims of whistleblowing reprisal in her previous Board appeal were not personally directed at the proposing official or the deciding official, who were not involved in the events at issue. As to the third factor, we note that the deciding official was formerly the Director of the Fresno VA Medical Center, where the appellant was employed, and is presently the Director of the VA Central California Health Care system, which includes the Fresno facility. IAF, Tab 22 at 44. However, as the deciding official did not become Director of the Fresno VA Medical Center until December 2015, *id.*, it is unlikely that he would have had a significant motive or desire to retaliate against the appellant for her previous Board appeal, which occurred well before his tenure. Nor is there evidence of any desire or motive to retaliate on the part of the proposing official.

In sum, we find that the appellant has not met her burden of establishing that her protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) was a contributing factor in the agency's decision to remove her. Because the appellant has not met her initial burden, we do not reach the question of whether the agency proved by clear and convincing evidence that it would have removed her in the absence of her protected activity. *Clarke*, 121 M.S.P.R. 154, ¶ 19 n.10. Accordingly, we vacate the portion of the initial decision addressing the clear and convincing

evidence test.  *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 26 (2016).  The initial decision is otherwise affirmed.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] On petition for review, the appellant also argues that the agency failed to prove its charges, violated her due process rights, and retaliated against her for prior equal employment opportunity activity.  We have considered the appellant's arguments, but we agree with the administrative judge's analysis of these issues as set forth in the initial decision.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:                    _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.