## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELEK FOSTER,
               Appellant,

v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-844E-19-0079-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melek Foster, Centerville, Georgia, pro se.

Shaquita Stockes, Heather Dowie, and Linnette Scott, Washington, D.C.,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

    The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for disability retirement under the Federal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a GS-07 Executive Secretary at Robins Air Force Base, Georgia, stopped working in October 2016. Initial Appeal File (IAF), Tab 1 at 1; Tab 9 at 198. Approximately 1 year later, she applied for a FERS disability retirement annuity. IAF, Tab 11 at 69-72. In a January 22, 2018 initial decision, OPM denied the appellant's application, concluding that she did not meet the criteria for entitlement because she was not disabled within the meaning of the law. IAF, Tab 10 at 4-9.

Generally, OPM concluded that the appellant had no current, pertinent, objective medical documentation to show how her asserted medical conditions or symptoms interfered with the performance of her duties, attendance, or conduct, or were of a severity to be disabling for at least a year from the date of her disability retirement application. *Id.* at 7. OPM further found that the appellant's medical conditions or symptoms did not warrant accommodation or reassignment.

*Id.* It also observed that the file did not contain a decision from the Social Security Administration. *Id.* Thus, because the record did not show that her medical conditions rendered her occupationally disabled, OPM denied the appellant's application for disability retirement. *Id.* The appellant requested reconsideration and submitted further documentation in support of her request. IAF, Tab 9 at 13, 18-197. In a September 21, 2018 final decision, OPM affirmed its initial decision denying the appellant's application for disability retirement. *Id.* at 6-11.

The appellant filed a timely appeal of OPM's reconsideration decision and she did not request a hearing. IAF, Tab 1, Tab 12 at 1. She did not file a response to the administrative judge's close of record order. IAF, Tab 12. The administrative judge reviewed the written record and found that the medical evidence concerning the appellant's hearing impairment, work-related stress and anxiety, Post-Traumatic Stress Disorder (PTSD), insomnia, cervical pain, malaise, and fatigue did not establish by preponderant evidence that she met the criteria for a disability retirement under FERS. IAF, Tab 18, Initial Decision (ID) at 5-11. He further found that the appellant's subjective evidence also failed to meet the criteria. ID at 12. Thus, the administrative judge found that the appellant failed to demonstrate by preponderant evidence that she suffered from a disabling medical condition which precluded her from performing specific work requirements or which was inconsistent with working in general, in a particular line of work, or in a particular work setting. *Id.*

The appellant filed a copy of the initial decision as her petition for review. Petition for Review (PFR) File, Tab 1. The Acting Clerk of the Board contacted the appellant, who confirmed that she intended her June 3, 2019 filing to be processed as a petition for review of the April 30, 2019 initial decision in this matter. PFR File, Tab 2 at 1. OPM has filed a response to the appellant's petition for review, and the appellant has filed a reply to OPM's response. PFR File, Tabs 3-4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant's petition for review does not meet the Board's criteria for review.

As noted above, the appellant simply submitted a copy of the initial decision as her petition for review. PFR File, Tab 1, Tab 2 at 1. The Board has long held that, before it will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

The appellant's petition for review plainly fails to meet these requirements. Additionally, as set forth in the letter acknowledging her petition for review, a reply is limited to the factual and legal issues raised in the response to the petition for review and may not raise new allegations of error. PFR File, Tab 2 at 5; 5 C.F.R. § 1201.114(a)(4). OPM's response to the appellant's petition for review simply states that the petition fails to meet the Board's requirements for review. PFR File, Tab 3 at 4-5. The appellant's reply improperly addresses several issues that were not raised in OPM's response to her petition for review. PFR File, Tab 4 at 4-5. Thus, we need not consider her reply to OPM's response. Nevertheless, as set forth below, we have considered her arguments and they do not show that the administrative judge erred in affirming OPM's final decision.

The appellant failed to establish her entitlement to a disability retirement annuity.

In an appeal from an OPM decision denying a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013). To qualify for disability retirement benefits under FERS, an

employee must establish that: (1) she has completed at least 18 months of civilian service creditable under FERS; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance, or, if there is no such actual service deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the disability retirement application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); *Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 5 (2015); 5 C.F.R. § 844.103(a). The administrative judge found, and the parties do not dispute, that the first and fifth requirements set forth above are met; the appellant has more than 18 months of creditable civilian service and she did not decline an offer of reassignment to a vacant position. ID at 8. We discern no reason to upset those findings. We also decline to disturb his findings that the appellant failed to show that accommodation of her hearing loss was unreasonable or that her other conditions were disabling. ID at 8-12.[2]

*Hearing loss*

The administrative judge found that the appellant presented medical evidence in support of her claimed hearing loss. ID at 5. He did not make a determination as to whether this condition was disabling. ID at 10. Instead, he appears to have found insufficient evidence to conclude that accommodation was unreasonable. *Id.*; *see Angel*, 122 M.S.P.R. 424, ¶ 5; 5 C.F.R. § 844.103(a)(4).

The appellant's evidence concerning her hearing impairment mentions her difficulty hearing in meetings. IAF, Tab 9 at 53. The appellant claimed that she was tasked with taking notes at staff meetings and that the agency denied her

---

[2] The administrative judge did not address whether the appellant proved the remaining elements of her burden. Similarly, we do not reach those elements.

request for a tape recorder to help her do so. IAF, Tab 9 at 57, Tab 10 at 32. Her physician also mentions the use of a tape recorder as an accommodation. IAF, Tab 1 at 18. Nevertheless, both OPM and the administrative judge credited the agency's assertion that it tried to provide the appellant a listening device but the appellant's failure to return to work after October 24, 2016 precluded the agency from doing so. ID at 5, 10; IAF, Tab 9 at 8, 60, 202. Although the appellant generally challenges the agency's accommodation efforts on review, asserting that it failed to engage in the process, PFR File, Tab 4 at 5, she does not reiterate her specific allegation concerning the tape recorder or challenge the administrative judge's finding that her failure to return to work stymied the agency's efforts. Thus, the appellant failed to offer any evidence or argument that accommodation of her alleged disabling medical condition in her position was unreasonable. ID at 5, 10; *see Orosco v. Office of Personnel Management*, 100 M.S.P.R. 668, ¶ 12 (2006) (finding that an appellant who did not offer evidence or argument that accommodation in his former position was unreasonable did not meet his burden to prove this criterion); 5 C.F.R. § 844.103(a)(4).

*Work-related stress, anxiety, panic attacks, PTSD, and insomnia*

As to the appellant's claims of work-related stress and anxiety, panic attacks, PTSD, and insomnia, the administrative judge appears to have found that the medical evidence submitted by the appellant proved that she suffered from these conditions. ID at 5-7, 10. However, he found that she failed to prove that they were disabling. ID at 9-10. We discern no basis to disturb this finding.

The administrative judge found that these medical conditions related to the appellant's specific work environment. ID at 9. Her medical providers made several recommendations that she receive a new supervisor or a position elsewhere to alleviate her stress. IAF, Tab 1 at 6, 8-10, 12. An applicant is not entitled to a disability retirement annuity when her medical condition is based on a single work environment because, for example, it grew out of a personal

conflict with a supervisor, *see Cosby v. Office of Personnel Management*, 106 M.S.P.R. 487, ¶¶ 7-10 (2007), or resulted from a perceived hostile work environment, *see Tan-Gatue v. Office of Personnel Management*, 90 M.S.P.R. 116, ¶ 15 (2001), *aff'd per curiam*, 52 F. App'x 511 (Fed. Cir. 2002).

Nothing in the record explains how the appellant's medical conditions of stress, anxiety, panic attacks, PTSD, and insomnia affected her performance of her job duties in anything but the most general terms. The medical evidence that she provided from a Licensed Clinical Social Worker reflected that the symptoms associated with her PTSD, i.e., panic attacks, physical manifestations of anxiety, avoidance, difficulty concentrating, and hypervigilance, were exacerbated by her job stress. IAF, Tab 9 at 9. He opined that she would not recover while working under that stress. *Id.* Her physician wrote that her work stress affected her ability to concentrate. *Id.* at 52; IAF, Tab 10 at 30. A Nurse Practitioner with a long history treating the appellant opined that she would only recover, or be able to return to work, if she received a position outside of her organization. IAF, Tab 9 at 21, 185. The appellant asserted that work-related stress and anxiety caused her to have panic attacks and experience trouble concentrating on her job. *Id.* at 198. She similarly asserted that the hostile work environment she experienced prevented her from concentrating on her job. *Id.* Thus, both the appellant and her health care providers indicated that she was unable to work in the context of what she viewed as a hostile work environment, but that she could work elsewhere.

*Cervical pain, malaise, and fatigue*

As to the appellant's claims of cervical pain, malaise, and fatigue, the administrative judge acknowledged that the appellant's medical evidence supported her claim that she suffered from these conditions, although he described the evidence as "scant." ID at 8. We agree. The record contains two letters from the appellant's treating physician, dated November and December 2016. IAF, Tab 9 at 85, 159. The doctor reported that the appellant's

2-week history of stress headaches had worsened the identified conditions and her chronic anxiety. *Id.* The doctor stated that he adjusted the appellant's medications and recommended that she "be moved from her current building or from her current supervisor" for 3 months. *Id.* at 159. He did not indicate that the appellant was unable to work in general or in her particular position, how long the conditions were expected to last, or how the recommended changes were related to the conditions. *Id.* at 85, 159. The administrative judge found that the appellant's documentation and subjective evidence was insufficient to establish a disabling medical condition. ID at 10. We decline to disturb this finding.

The administrative judge did not deny the appellant a hearing.

Lastly, to the extent that the appellant alleges on review that the administrative judge erred in not holding a hearing, the appellant did not request one. PFR File, Tab 4 at 5; IAF, Tabs 1, 3, 14, 16. An appellant's failure to request a hearing, after being specifically placed on notice that a hearing request was necessary, constitutes a waiver of her hearing right. *Uresti v. Office of Personnel Management*, 108 M.S.P.R. 262, ¶ 12 (2008). In acknowledging the appeal, the administrative judge advised the appellant that she could request a hearing if she had not already done so. IAF, Tab 2 at 1. The appellant still did not request a hearing. In his order closing the record, the administrative judge stated that the appellant had not requested a hearing. IAF, Tab 12 at 1. He subsequently held a telephonic prehearing conference in which he set forth the date for the parties' final submissions, did not set a hearing date, and, importantly, notified the parties that any objection to the summary must be filed by April 15, 2019. IAF, Tab 15 at 3. The record does not reflect that the appellant lodged any objections to the administrative judge's orders. Thus, the appellant waived her right to a hearing.

Accordingly, we affirm the initial decision that affirmed OPM's reconsideration decision denying the appellant's application for a disability retirement annuity.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.