UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MONIQUE J. KINTEH,<br>        Appellant, | DOCKET NUMBER<br>AT-844E-20-0345-I-1 |
|     v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>        Agency. | DATE: August 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Monique J. Kinteh, Lawrenceville, Georgia, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM), denying her application for Federal Employees' Retirement System (FERS) disability retirement. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a preference eligible GS-9 Clinical Nurse for the Department of Defense. Initial Appeal File (IAF), Tab 9 at 71. On August 27, 2018, the appellant tendered her resignation, citing the advice of her healthcare provider. IAF, Tab 7 at 7-8. Her resignation became effective September 21, 2018. IAF, Tab 7 at 8, Tab 9 at 71.

Meanwhile, on or about August 18, 2018, the appellant filed an application for disability retirement, claiming disabling conditions of migraine headaches, fibromyalgia, polymyositis, post-traumatic stress disorder, adjustment disorder, depression, anxiety, osteoarthritis of both knees, asthma, hypertension, cardiac dysrhythmia, left wrist carpal tunnel, lumbar spondylosis, cervical spondylosis with reverse lordosis, sciatica, obstructive sleep apnea, left knee chondromalacia, and a traumatic brain injury (TBI). IAF, Tab 8 at 61-66. On April 12, 2019, OPM issued an initial decision denying the appellant's application on the basis that she failed to show an occupationally disabling condition expected to last at

least 1 year from the date of her application. *Id*. at 52-57. The appellant requested reconsideration, and on February 10, 2020, OPM issued a final decision affirming its initial decision. IAF, Tab 6 at 6-25.

The appellant timely filed the instant Board appeal, challenging OPM's determination. IAF, Tab 1 at 4-6. She waived her right to a hearing. IAF, Tab 13. After the close of the record, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 21, Initial Decision (ID). Although he found that the appellant showed that she has suffered from the various conditions that she listed in her disability retirement application, he nevertheless concluded that the appellant failed to show that these conditions rendered her unable to provide useful and efficient service in her position. ID at 15-18. He also found that the appellant failed to show that several of her conditions had persisted for more than 1 year from the date of her application, and that the record failed to support a finding that accommodation of her conditions would be unreasonable. ID at 17-18.

The appellant has filed a petition for review, disputing the administrative judge's finding on the persistence of her claimed conditions and arguing that her employing agency failed to provide her reasonable accommodation and committed numerous other prohibited personnel practices against her. Petition for Review (PFR) File, Tab 1 at 6-7. She has attached several pieces of documentary evidence in support of her arguments. *Id*. at 8-31. OPM has filed a response to the petition for review. PFR File, Tab 4.

## ANALYSIS

An employee bears the burden of proving by preponderant evidence her entitlement to disability retirement. *Snow v. Office of Personnel Management*, 74 M.S.P.R. 269, 273 (1997); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) she must have completed 18 months of creditable civilian

service; (2) she must, while employed in a position subject to FERS, have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451; *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 844.103(a). The main issue in this appeal is whether the appellant's claimed conditions resulted in a deficiency in performance, conduct, or attendance, or were incompatible with useful and efficient service or retention in her position.

In his initial decision, the administrative judge found insufficient evidence to show that the appellant's claimed conditions resulted in any actual service deficiency, and we agree. ID at 9-10, 17. He considered evidence that the appellant incurred approximately 238 hours of absence between January and August 2017. ID at 9-10; IAF, Tab 9 at 65-69. However, although 162 hours of this leave was related to the appellant's April 15, 2017 TBI, there was no evidence that the remainder of the leave was attributable to any of her other claimed conditions. ID at 9-10, 17; IAF, Tab 7 at 12. Furthermore, we observe that the record evidence of absences ends 1 year before the appellant's resignation, and there is nothing in the record to suggest that her attendance did not improve following her recovery from the TBI.[2] Furthermore, we note that in her Supervisor's Statement to OPM, the appellant's supervisor denied that the

_____

[2] On April 25, 2018, the appellant was evaluated by a neuropsychologist, who opined that the April 15, 2017 injury resulted in a mild TBI to the appellant, the symptoms of which "would be expected to resolve within a couple of weeks to months after the injury." IAF, Tab 8 at 74. The neuropsychologist found no indication from her evaluation that the appellant currently met the criteria for a neurocognitive diagnosis. *Id*. at 73.

appellant had any deficiencies in performance, attendance, or conduct. IAF, Tab 8 at 63-64. Nor is there any evidence in the record, such as warnings, counselings, disciplinary actions, or negative performance appraisals, to suggest that such a deficiency existed. In fact, the appellant's last rating of record prior to her resignation stated that her performance was fully successful. IAF, Tab 16 at 19-26. For these reasons, we agree with the administrative judge that the appellant did not prove that she exhibited any actual deficiency in service due to her claimed conditions.

Nor is there sufficient evidence to conclude that the appellant's conditions, alone or in combination, were incompatible with useful and efficient service or retention in her position. In his initial decision, the administrative judge considered a May 2, 2018 letter from the appellant's Licensed Clinical Marriage and Family Therapist (LCMFT), which stated that the appellant suffered from numerous psychological disorders, including cognitive impairments, which affected her ability to do her job, and that the appellant "should be considered for permanent release of her duties for retirement." ID at 14, 16; IAF, Tab 7 at 75-76. He also considered a June 19, 2020 letter from the LCMFT, which stated that the appellant's TBI resulted in numerous psychological conditions, including cognitive impairments, that prevented her from doing her job, and that the appellant was "unable to provide useful and efficient service in the position of record." ID at 15-16; IAF, Tab 17 at 56-57.

However, the administrative judge found that the LCMFT's letters were outweighed by other evidence, including the results of an April 25, 2018 neuropsychological evaluation, in which the doctor opined that the appellant's cognitive functioning was generally within the normal range and that her complaints of cognitive difficulties were more likely attributable to her physical pain and mood symptoms than they were to her previous TBI.[3] ID at 13, 16-17;

---

[3] The initial decision reflects that the neuropsychological evaluation took place on March 27, 2018. ID at 13. The format of these records is somewhat confusing, but it appears to us that the appellant was seen for a consultation on March 27, 2018, during

IAF, Tab 8 at 73-74. Although the neuropsychologist recommended several strategies for the appellant to reduce her symptoms, including effective pain management, compliance with her physician's sleep recommendations, and engaging in healthy activities, she did not recommend that the appellant resign from her position with the agency. IAF, Tab 8 at 74. The administrative judge credited the neuropsychologist's opinion over that of the LCMFT's because the LCMFT appeared to have formed her opinion based solely on the appellant's self-reporting of problems rather than a clinical evaluation, and it was not clear that the LCMFT had even seen the appellant at any point during the 2 years preceding the June 19, 2020 letter. ID at 15-16. The administrative judge also considered records of the appellant's October 2018 contacts with a veterans' crisis hotline, which the appellant called to ensure continuation of services after resigning her position and moving out of state. ID at 14-15. The Licensed Clinical Social Worker who responded reported that the appellant presented as coherent, alert, and oriented, with optimistic mood, good judgment and insight, and normal speech, and that the appellant showed no signs of acute distress. IAF, Tab 8 at 10-12.

Finally, the administrative judge considered that the appellant had received a 100% service-connected disability rating from the Department of Veterans Affairs (DVA), but he found that this evidence was not dispositive regarding whether the appellant was disabled for purposes of FERS disability retirement, particularly because the record lacked detailed information about the basis for the rating. ID at 17; IAF, Tab 9 at 107; *see Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 11 (2005) (stating that the Board will consider an award of benefits by the DVA, but it is not dispositive of an appellant's entitlement to disability retirement benefits). We also note that the appellant's 100% DVA disability rating dates back at least to December 2014, and that she

which she was scheduled for an evaluation to take place on April 25, 2018. IAF, Tab 8 at 71-72. In any event, we find the discrepancy in dates to be immaterial.

was able to perform successfully as a Clinical Nurse for several years after that. IAF, Tab 9 at 107. Furthermore, although this evidence is not dispositive either, we take note that the appellant's application for Social Security disability benefits was denied. IAF, Tab 6 at 14; *see Yoshimoto v. Office of Personnel Management*, 109 M.S.P.R. 86, ¶ 22 (2008) (considering the denial of an application for Social Security disability benefits as relevant, but nonbinding, in a FERS disability retirement appeal). In sum, the administrative judge's finding that the appellant was not disabled for purposes of FERS disability retirement is supported by the record, and the appellant, who has not contested this finding on petition for review, provides no basis for us to disturb it.

The appellant does, however, contest the administrative judge's finding that she failed to show that certain of her claimed conditions were expected to last more than a year from the date of her application. PFR File, Tab 1 at 6; ID at 17-18. The administrative judge reasoned that the record contained no evidence that the appellant continued to receive treatment for her mental health conditions after she filed her application. ID at 17. On petition for review, the appellant asserts, without any specific citations, that "medical evidence presented demonstrated that my conditions [have] lasted over one year." PFR File, Tab 1 at 6. We find that the appellant's argument presents no basis to disturb the initial decision because a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Furthermore, we find that the appellant's argument constitutes mere disagreement with the administrative judge's findings on this issue and therefore does not warrant full review of the record by the Board. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam). As for the administrative judge's findings that the appellant failed to show that her conditions could not be accommodated, the appellant does not appear to dispute

this finding. ID at 18. In fact, the appellant's petition could be read as being in agreement with this finding to the extent that the appellant protests the agency's lack of reasonable accommodation efforts. PFR File, Tab 1 at 6-7.

The remainder of the appellant's petition for review sets forth allegations of wrongdoing by her employing agency. We interpret these to include allegations of whistleblower reprisal, sex discrimination, disability discrimination, retaliation for equal employment opportunity activity, retaliation for grievance activity, and discrimination based on uniformed service. *Id*. Although the Board might have jurisdiction over some of these claims if the appellant were to file an appeal against her employing agency, such as an individual right of action appeal, a constructive removal appeal, or an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994, we find that the Board lacks jurisdiction to consider these claims in the context of the instant disability retirement appeal against OPM. *See Bagian v. Office of Personnel Management*, 9 M.S.P.R. 541, 544-45 (finding that the Board lacked jurisdiction over the appellant's discrimination claim when the only agency action under appeal was OPM's denial of a disability retirement application and there was no evidence or allegation that OPM's decision was based on discrimination).

We have also reviewed the documentary evidence that the appellant has attached to her petition. However, the bulk of this evidence concerns her allegations of discrimination and retaliation, and we therefore find that it is immaterial to the outcome of the appeal. PFR File, Tab 1 at 9-26, 30-31. The Board will not grant a petition for review based on newly filed evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Furthermore, all of this evidence predates the close of the record below, and the appellant has not shown that she was unable to submit it to the administrative judge despite her due diligence. *See Clay v. Department of the*

*Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). The appellant has also submitted some evidence related to her continued mental health treatment following her resignation.[4] PFR File, Tab 1 at 27-29. These documents could be relevant to the issues of whether the appellant was "disabled" within the meaning of 5 C.F.R. § 844.103(a)(2) and whether her claimed disabling conditions continued for more than 1 year under 5 C.F.R. § 844.103(a)(3), but these documents also predate the close of the record below, and the appellant has not explained why she failed to submit them previously. *See Clay*, 123 M.S.P.R. 245, ¶ 6.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] These documents consist of a list of medical and mental health appointments that the appellant scheduled between December 2018 and February 2021, and a June 22, 2020 letter from a Clinical Nurse Specialist at the mental health clinic where the appellant was being treated. PFR File, Tab 1 at 27-29. We note that the letter from the Clinical Nurse Specialist consists largely of verbatim excerpts from the June 19, 2020 letter from the LCMFT, contained in the record below. *Compare* PFR File, Tab 1 at 27, *with* IAF, Tab 17 at 56-57. Therefore, even if we were to consider this letter, we find that it would have minimal probative value.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.